JONES DAY

110 NORTH WACKER DRIVE • SUITE 4800 • CHICAGO, ILLINOIS 60606
TELEPHONE: +1.312.782.3939 • JONESDAY.COM

DIRECT NUMBER: +1.312.269.1572
SMAYERGOYZ@JONESDAY.COM

April 20, 2026

VIA CM/ECF

Mr. Jarrett B. Perlow
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: Rule 28(j) Notice for Delivery to Panel Assigned to: *WSOU Investments LLC v. Google LLC*, No. 25-1933 (oral argument not yet scheduled)

Dear Mr. Perlow:

*Trustees of Columbia University v. Gen Digital Inc.*, 169 F.4th 1320 (Fed. Cir. 2026), amplifies this Court's precedent that "[o]nly features that are claimed, not unclaimed details that appear in the specification, can supply something beyond … an abstract idea and sufficient to render the claim eligible." *Id.* at 1331. The district court and Google applied this precedent, Appx26-27; RBr.1-3, 35-36, but WSOU continues to ignore it—including the *Columbia* decision that issued before WSOU filed its reply brief. *Columbia* confirms that WSOU's attempt to point to "supposed improvements" that "are not required by the language of the asserted claims" cannot render claims patent eligible. 169 F.4th at 1330.

*Columbia* parallels this case. There, the patentee argued the asserted claims recited "various … technological improvements" "that render the claims directed to something non-abstract." *Id.* This Court rejected that argument because the "problem [was] these supposed improvements [were] not what the claims are directed to, i.e., the supposed improvements are not required by the language of the asserted claims at all." *Id.* The claim language itself suggested that the supposed improvements were "not required," and the specification "consistently describe[d]" the supposed improvements "as optional." *Id.* at 1330-31. This Court held that "[i]t cannot be said that the claims are directed to a technological improvement when nothing in the claims requires the steps necessary to make the improvement." *Id.* at 1331.

As in *Columbia*, WSOU's "reading of the patent is not supported by the plain language of the claims." *Id.* As Google showed, the claims do not require the "behavioral information collector" to be external to the subscriber device. RBr.34-36. As *Columbia* explains, "[b]ecause the claims do not require" that the "behavioral information collector" be external to the

subscriber device, such a requirement "cannot prevent the claims from constituting an abstract idea." 169 F.4th at 1331.

Respectfully submitted,

*/s/ I. Sasha Mayergoyz*
I. Sasha Mayergoyz

Cc: Counsel of Record via CM/ECF