FLG
FOLIO LAW GROUP PLLC

May 26, 2026

Mr. Jarrett B. Perlow
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

<u>FILED VIA CM/ECF</u>

**Re: Response to Appellee's Rule 28(j) Notice for Delivery to Panel Assigned to: *WSOU Investments LLC v. Google LLC*, No. 25-1933**

Dear Mr. Perlow:

Regarding Appellee's Rule 28(j) Notice (Dkt. 27), *Trustees of Columbia University v. Gen Digital Inc.*, 169 F.4th 1320 (Fed. Cir. 2026) does not materially add to the briefing before the Court. And rather than buttressing Google's positions, *Columbia* actually supports Brazos's.

The Court in *Columbia* rejected three alleged improvements. First, the Court rejected "[s]elective emulation" because the claim itself "suggests that selectivity is not required, and that the entire program may be emulated" and the "specification consistently describes selective emulation as optional." 169 F.4th at 1331. Second and third, the Court rejected "diversified models" and "distributed sensors" that were not "reflected" or even "reference[d]" by the claim language. *Id.* at 1331-32. The Court concluded, "these supposed improvements are not what the claims are directed to" because they are "not required by the language of the asserted claims ***at all***." *Id.* at 1331 (emphasis added).

None of *Columbia*'s criticisms apply here. The '806 patent's claims at issue require "monitor[ing] communication traffic exchanged with a communication network subscriber over an access communication link" via a behavioral information collector that is ***external to the subscriber***. BBr.30-34; GreyBr.3-7. Unlike *Columbia*, nothing in the claim language suggests that external placement of the behavioral information collector is "optional." Moreover, the specification consistently confirms the behavioral information collector is external to the subscriber. Appx71(6:32-37); Appx67(FIG. 2).

Furthermore, *Columbia* reinforces that referencing the specification ***is*** proper when confirming whether claimed elements provide a technical benefit. Specifically, the Court referenced the specification when evaluating whether the claim language "the model is a combined model created from at least two models created using different computers" provided asserted improvements relating to "(1) the creation of unique models and (2) improvements in efficiency." *Columbia*, 169 F.4th at 1327. In doing so, the Court confirmed the claimed "combined model" could "provide an efficiency gain." *Id.* at 1330. Following *Columbia*'s guidance, the specification here confirms the "behavioral information collector" is external to the subscriber and, as a result, ***does*** provide the ability to profile subscriber behavior without modification to the subscriber device—i.e., the use of cookies. Appx69(1:56-67); Appx76(15:20-26); Appx72(7:35-38).

Respectfully submitted,

*/s/ Joseph M. Abraham*
Joseph M. Abraham
Folio Law Group PLLC

cc: Counsel of Record via CM/ECF